ISIDORO ALVAREZ GONZÁLEZ, Plaintiff and Appellant, *v.* LORENZO JIMÉNEZ SOTO, Defendant and Appellee.

No. 7925.    Argued December 13, 1939.—Decided January 10, 1940.

*Antonio L. López,* for appellant.    *Francisco González Fagundo,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Isidoro Alvarez González, alleging that he was the owner of a certain urban property adjacent to another of the de-

fendant, filed this suit to retain possession of a certain alley which separates both properties. The disturbance consisted, according to the complaint, in that beginning on February 19, 1937, the defendant personally and aided by various workmen proceeded to demolish a large part of the wall of his building which bordered on the plaintiff's property, and raised a new cement wall supported by the wall of plaintiff's bakery in such a manner that it closed a door that communicates said bakery with the alley, thereby dispossessing the plaintiff of said alley and of the use of said door which he must keep open for the operation of his bakery.

The defendant answered denying some of the allegations of the complaint and admitting others, and as a defense he alleged:

"That in the District Court of Humacao on May 4, 1936, under No. 19445 a bill praying for an injunction to retain possession was filed by Eugenio Jiménez Solá, *who was at that time lessee* of property B (of the defendant today), against Isidoro Alvarez González, in which suit the same question being discussed in this was involved, that is, the material possession of said alley." (Parenthesis and italics supplied.)

The case went to trial, the plaintiff's evidence was heard, immediately thereafter an ocular inspection of the premises took place, and on a later date the defendant's evidence was presented as a part of which the record in civil case No. 19445 was offered and admitted.

On September 29, 1938, the complaint was dismissed by a judgment based only and exclusively on the defense alleged by the defendant, that there was another suit pending between the same parties and for the same cause of action.

The principal question to be considered in this appeal is: Was there a suit pending between the same parties for the same cause when this suit was filed and when the corresponding judgment was rendered?

From the record it appears that on May 4, 1936, Eugenio Jiménez Solá was in possession of the property which is now

alleged to belong to the defendant, by virtue of a contract of lease entered into by said Eugenio Jiménez Solá with the then owner of said property, Ricardo Pérez. That the said Eugenio Jiménez Solá as lessee filed suit No. 19445 against the now plaintiff Isidoro Alvarez González to retain possession of the alley in question. That after suit No. 19445 was filed, the bakery which had been rented to Eugenio Jiménez Solá was sold by its owner Ricardo Pérez to Gustavo Jiménez Solá who is now in the civil and natural possession of the property; that on February 24, 1937, the complaint in this case to which we referred in the beginning of this opinion was filed.

The attorney for the defendant-appellee sustains that the lower court did not err as alleged by the appellant in dismissing the complaint because another suit was pending between the same parties for the same cause. The attorney for defendant-appellee argues that the cause of action in the cases Nos. 19445 and 20250, which is this case, is the same, because the object of both is to retain the possession of the alley in controversy; that the parties are the same, because the case 19445 on being filed by Eugenio Jiménez Solá as lessee was equivalent to a suit by the lessor or the then owner, Ricardo Pérez, and that as the latter sold the rented farm to its present owner and possessor Gustavo Jiménez Solá, the latter is the successor in interest of Ricardo Pérez and therefore is equivalent to being plaintiff in case No. 19445. We should say that from the evidence it appears that the now defendant Lorenzo Jiménez Soto, is not the owner of the property but carried out the acts alleged by the plaintiff in representation of and as employee of his son Gustavo Jiménez Solá.

Under these circumstances can it be maintained that the parties in civil case No. 19445 still pending are the same as those in No. 20250 which caused this appeal? We find the answer in Section 1450 of the Civil Code (1930 ed.) which states literally:

"The lessor shall not be obliged to answer for the mere fact of a trespass made by a third person in the use of the estate leased but the lessee shall have a direct action against the trespasser.

"The fact of trespass does not exist if the third person whether it be the administration or a private person, has acted by virtue of a right belonging to him.

According to the Section copied, the suit filed by Eugenio Jiménez Solá as lessee was a direct suit against the alleged disturber, a right of action given to him by law, not as representative of the owner-lessor as the attorney for the defendant alleges, but in his own right as lessee. This was an actual physical disturbance, as alleged by the plaintiff Eugenio Jiménez Solá, and this being so, he could file said suit independently of the owner of the property, merely because he was the lessee, according to a Section 1450. See 10 Manresa, *Código Civil Español* (1908 ed.) pages 563 and following.

In that suit the then owner, Ricardo Pérez, was not a party and therefore was not bound by the judgment and if he was not a party and was not bound by the judgment, in what interest of his, in regard to said cause of action could Gustavo Jiménez Solá be subrogated on buying the property? If Pérez had no right in the cause of action established by the lessee he could not transmit any right to the purchaser since no one can give what he does not have. [3] Besides, when the complaint in this case was filed, Eugenio Jiménez Solá was no longer lessee and this being so, as he only claimed the possession of which he alleged he had been deprived by the now plaintiff, when the lease terminated the possession of the leased property also terminated and therefore his suit to retain possession was from that moment academic.

Aside from the fact that in our opinion the action filed in case No. 19445 is practically extinguished and is academic we cannot agree with defendant-appellee that the parties in that case were the same as in the present case.

As in this case evidence was heard which has not been considered by the lower court and also an ocular inspection took place to which we referred previously, and the result of which is not stated in the record, we do not think we are able to render the judgment which should have been given in this case by the District Court of Humacao, for which reason the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.